IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

SHILMANN ROCBIT, LLC,

        Plaintiff,

v.                               CIVIL ACTION NO.   2:16-cv-06745

AMERICAN BLASTING CONSUMABLES, INC.,

        Defendant.

MEMORANDUM AND ORDER

Currently pending before the court is the plaintiff, Shilmann Rocbit, LLC's, Motion to Dismiss [ECF No. 7], filed August 1, 2016. The defendant, American Blasting Consumables, Inc., failed to timely respond. The court has reviewed *sua sponte* the allegations of the plaintiff's state court Complaint [ECF No. 1-2] and the defendant's Notice of Removal [ECF No. 1] to ascertain the existence of federal subject matter jurisdiction in this case. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) ("[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court."); *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) ("Determining the question of subject matter jurisdiction at the outset of the litigation

is often the most efficient procedure."). The court's jurisdictional review discloses that federal subject matter jurisdiction may be lacking in this case over the plaintiff's claims, making removal improper.

This case was removed to this court from the Circuit Court of Kanawha County, West Virginia, by the defendant. In its Notice of Removal, the defendant alleged federal subject matter jurisdiction under 9 U.S.C. §§ 201–208 "because the state court action relates . . . [to] an arbitration agreement governed by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards Act . . . ." Notice of Removal ¶ 1. The plaintiff's Complaint in this case alleges a claim for tortious interference and seeks temporary and permanent restraining orders against the defendant. Compl. ¶¶ 18–32. According to the Complaint, the defendant tortiously interfered with an Exclusive Distribution Agreement ("Agreement") between the plaintiff and a nonparty citizen of South Africa, Riplog Limited ("Riplog"). Compl. ¶¶ 4–14. The Agreement contained a dispute resolution clause requiring all claims arising out of the Agreement to be arbitrated in South Africa under South African law. Notice of Removal ¶ 7. Notably, the defendant was not a signatory to the Agreement and the defendant's only connection with regard to these claims is that it is an affiliate of Riplog, a signatory. Compl. ¶¶ 4, 15. The defendant and the plaintiff have no contractual relationship for purposes of the plaintiff's claims.

The defendant filed its Answer [ECF No. 6], which included an affirmative

defense that "[b]ecause the complaint arises out of and relates directly to the Distribution Agreement, it should be dismissed or stayed for violation of that agreement's mandatory arbitration clause, and plaintiff should be compelled to arbitrate." Answer 6. The defendant then brought two permissive state law counterclaims. Answer 6–7. These counterclaims, confusingly enough, arise out of Riplog's assignment of the plaintiff's account delinquencies to the defendant for collection under the terms of the same Agreement. Notice of Removal ¶ 11. Thus, the counterclaims arise out of a direct contractual relationship between the parties. The counterclaims must be construed as permissive because they arise out of a separate transaction or occurrence. *See* Fed. R. Civ. P. 13(a), (b). The plaintiff's claims and the defendant's counterclaims are merely connected by the fact that the assigned debts are pursuant to the same agreement with which plaintiff claims the defendant tortiously interfered.

Under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards Act ("Convention"), U.S. district courts have original jurisdiction over an action or proceeding falling under the Convention, regardless of the amount in controversy. 9 U.S.C. § 203. Section 205 provides for removal where the subject matter "relates to an arbitration or award falling under the Convention." 9 U.S.C. § 205. Removal may occur "any time before the trial [of the action or proceeding]." *Id.* Ordinary removal procedure applies, except that the removal grounds need only be shown in the removal petition, they need not appear on the complaint's face. *Id.* The

Convention explicitly grants district courts the power to compel arbitration, and the power to confirm an arbitration award once the award is rendered. *See id.* §§ 206–207.

The Fourth Circuit has not addressed the meaning of "relates to" in § 205. However, the two circuits that have addressed the issue have held that § 205 confers broad removal jurisdiction. The Fifth Circuit opined that "whenever an arbitration agreement . . . could conceivably affect the outcome of the plaintiff's case, the agreement 'relates to' the plaintiff's suit." *Beiser v. Weyler*, 284 F.3d 665, 669 (5th Cir. 2002). Emphasizing the breadth of § 205 removal, the Fifth Circuit stated that "absent the rare frivolous petition for removal, as long as the defendant claims in its petition that an arbitration clause provides a defense, the district court will have jurisdiction to decide the merits of that claim." *Id.* at 671–72. The Fifth Circuit also indicated that when a case is removed under § 205, the district court will have jurisdiction *only* to determine if the dispute is subject to arbitration. *See id.* at 675 ("The arbitrability of a dispute will ordinarily be the first issue the district court decides after removal under § 205. If the district court decides that the arbitration clause does not provide a defense, and no other grounds for federal jurisdiction exist, the court must ordinarily remand the case back to state court."). The Ninth Circuit has agreed with the Fifth Circuit's interpretation of "relates to." *See Infuturia Glob. Ltd. v. Sequus Pharms., Inc.*, 631 F.3d 1133, 1138 (9th Cir. 2011). This court, however, notes that it is not bound by the Fifth and Ninth Circuits' interpretation.

4

While it is plain that the counterclaims in this case relate to an arbitration agreement because the assigned rights are subject to the terms of the Agreement, it is unclear whether the plaintiff's claims "relate to" an arbitration agreement for the purposes of 9 U.S.C. § 205. Further, subject matter jurisdiction over counterclaims cannot, alone, confer jurisdiction over the entire case. *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831–32 (2002). The court **DIRECTS** the parties to submit briefs on the matter of (1) whether the plaintiff's claims in its Complaint "relate to" an arbitration agreement for purposes of subject matter jurisdiction under 9 U.S.C. §§ 201–208; (2) whether the defendant may, as a non-signatory, enforce the arbitration agreement in this case as to the plaintiff's claims; (3) whether the court's jurisdiction is limited to compel arbitration or confirm an arbitral award; and (4) whether the defendant intends to participate in and be bound by any compelled arbitration. Moreover, the parties should not address the question of subject matter jurisdiction as it pertains to the counterclaims.

The court suspects the Notice of Removal has blurred two transactions (one being tortious interference with a contract between the plaintiff and Riplog and the other being collection of debt under assigned rights subject to an arbitration clause) to arrive at the conclusion that the plaintiff's claims "relate to" an arbitration agreement falling under the Convention. Therefore, out of an abundance of caution, the court gives the defendants an opportunity to demonstrate by a preponderance of the evidence that subject matter jurisdiction is appropriate. *See Mulcahey v.*

*Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (holding that the defendant bears the burden of establishing federal jurisdiction). Accordingly, the Court **DIRECTS** the parties to prepare supplemental briefing on the issues detailed in this order and to submit such briefs to the court no later than **September 5, 2016**.

    The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:    August 22, 2016

        _____
        JOSEPH R. GOODWIN
        UNITED STATES DISTRICT JUDGE